UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In the Matter of:<br><br>RELIANCE GROUP HOLDINGS, INC. | Misc. No.   02-65<br><br>Civil Action Nos.   02-3277<br>02-1643<br>02-1733 |

**BRIEF IN SUPPORT OF MOTION OF APPELLANT M. DIANE KOKEN, INSURANCE COMMISSIONER OF THE COMMONWEALTH OF PENNSYLVANIA, IN HER OFFICIAL CAPACITY AS STATUTORY LIQUIDATOR OF RELIANCE INSURANCE COMPANY, TO EFFECTUATE SETTLEMENT AGREEMENT**

This matter involves appeals and cross appeals to adversary proceedings that were stayed and ordered to remain "active" by Order of this Court dated August 30, 2002, for the purpose of allowing the parties to pursue settlement negotiations. The two adversary proceedings affected by the Court's Order were: (1) Adversary Proceeding 01-558 (the "Constructive Trust Action"), and (2) Adversary Proceeding 01-559 (the "Emergency Petition").

Appellant M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, in her official capacity as Statutory Liquidator ("Commissioner" or "Liquidator") of Reliance Insurance Company ("Reliance"), with the consent of all necessary parties, hereby moves to have the parties' settlement agreement effectuated and requests that the Court: (1) restore and reinstate the above-captioned matters to the Court's active docket for the purpose of effecting the terms of the settlement agreement; (2) dismiss with prejudice the Constructive Trust Action (Adversary Proceeding 01-558); and (3) remand the Emergency Petition (Adversary Proceeding 01-559) to the Commonwealth Court of Pennsylvania.

114582.01600/21248383v1

Pursuant to the Settlement Agreement approved by the bankruptcy court administering the debtor estate of Reliance Group Holdings, Inc., and approved by the Commonwealth Court of Pennsylvania with regard Reliance,[1] and the subsequent written consent provided by the Official Unsecured Bank Committee and Official Unsecured Creditors' Committee pursuant to that Settlement Agreement, <u>all of the parties to this litigation have consented to relief sought in this motion</u>.

## STATEMENT OF FACTS

Appellant M. Diane Koken, in her official capacity as Statutory Rehabilitator of Reliance Insurance Company ("Reliance"), filed two actions involving Reliance's ultimate parent company, Reliance Group Holdings ("RGH"), in the Commonwealth Court of Pennsylvania. The first, the Constructive Trust Action, sought the imposition of a constructive or resulting trust for the benefit of Reliance over more than $95 million in cash in the possession of RGH. The second, the Emergency Petition, sought a declaration that the certain insurance policies and their proceeds were assets of the Reliance estate.

Thereafter, on June 29, 2001, RGH filed for Chapter 11 bankruptcy protection in the U.S. Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court"). With the assistance of the Official Unsecured Bank Committee and Official Unsecured Creditors' Committee (the "Committees"), RGH removed the Constructive Trust Action and Emergency Petition from the Commonwealth Court to the Eastern District of Pennsylvania and filed a motion to have the two matters transferred to the New York Bankruptcy Court.

---

[1] The Settlement Agreement is discussed in detail in the Status Report of the Liquidator of Reliance Insurance Company, filed with the Court on January 30, 2004. See Exhibit F (Status Report).

Under this Court's standing order, the Constructive Trust Action and the Emergency Petition were automatically referred to the U.S. Bankruptcy Court for the Eastern District of Pennsylvania and assigned to U.S. Bankruptcy Court Judge Kevin J. Carey.

On July 12, 2001, before a decision was rendered on RGH's motion to transfer, the Commissioner filed motions to have the Constructive Trust Action and the Emergency Petition remanded to the Commonwealth Court.

On February 22, 2002, Judge Carey issued a written opinion found at *In re Reliance Group Holdings*, 273 B.R. 374 (Bankr. E.D. Pa. 2002), ruling on the Commissioner's motions to remand as well as on RGH's motion to transfer. With respect to the Constructive Trust Action, Judge Carey granted the Commissioner's motion to remand in part. Specifically, he remanded to the Commonwealth Court certain issues of state law, including whether a certain tax arrangement between Reliance and RGH was inconsistent with the provisions of Pennsylvania's Insurance Holding Company Act, whether a constructive or resulting trust was appropriate under Pennsylvania law, and whether the Commissioner was entitled to interim injunctive relief. Residual issues of federal law, however, such as certain issues under 11 U.S.C. § 541, were not remanded and instead ordered transferred to the New York Bankruptcy Court after decision by the Commonwealth Court on the remanded issues. As for the Emergency Petition, Judge Carey denied the Commissioner's motion to remand and ordered the matter transferred to the New York Bankruptcy Court.

The Commissioner, RGH, and the Committees promptly filed appeals and cross-appeals with this Court from Judge Carey's ruling.

Shortly after the appeals in these matters were filed and assigned, this Court conducted a telephone conference with the parties. During the conference call, after discussing the relevant

3

issues with the Court, the parties expressed the belief that the matters before the Court could potentially be narrowed through settlement discussions. The Court agreed and directed the parties to negotiate until progress on the disputed issues could no longer be made or until a comprehensive resolution of all disputed issues was reached.

For this purpose, the parties agreed to a series of voluntary thirty-day stays of the Constructive Trust Action and the Emergency Petition bankruptcy appeals. And on August 30, 2002, this Court entered an order affording the parties additional time for settlement negotiations, but yet directed that the matters remain active—

> This matter remains ACTIVE. It is further understood that all discovery and settlement discussions will continue and if intervention of the Court is needed or desired, the parties may ask for assistance by either filing the appropriate motions, writing to the Court or by setting a telephone conference. The parties shall keep the Court advised of the status of this case and may request a firm trial date or settlement conference by writing to the Court by telephone conference.

A copy of the Court's August 30, 2002 Order is attached as Exhibit A.

After intensive and complex settlement negotiations, on April 1, 2003, the Liquidator and the Committees agreed upon the terms of a settlement of, *inter alia*, the Constructive Trust Action and agreed as well to jointly approach this Court regarding any disposition of the Emergency Petition ("Settlement Agreement"). A copy of the Settlement Agreement is attached as Exhibit B.

The Settlement Agreement was made expressly subject to the approval of both the New York Bankruptcy Court administering the RGH estate and the Commonwealth Court administering the Reliance estate. On May 28, 2003, the New York Bankruptcy Court approved the Settlement Agreement and imposed its terms upon the Debtor RGH. With respect to the Reliance estate, the Commonwealth Court approved the Settlement Agreement on June 19, 2003; and the Settlement Agreement became final and effective on August 12, 2003. Copies of the

Orders from the New York Bankruptcy Court and the Commonwealth Court approving the Settlement Agreement are attached as Exhibits C and D.

On January 30, 2004, the Liquidator filed a Status Report to inform the Court that the Settlement Agreement resolved the Constructive Trust Action and that the parties would "prepare, and in the near future, file with this Court the necessary papers to resolve the Constructive Trust Action and the corresponding bankruptcy appeal (01-558)," but that "the Settlement Agreement did not conclusively resolve the merits of the Emergency Petition matter or the bankruptcy appeal involving the Emergency Petition (01-559)." *See* Exhibit F (Status Report) at 5. The Status Report further advised that notwithstanding this Court's exclusive jurisdiction over the Emergency Petition, plaintiffs in a securities class action involving RGH were seeking to have the merits of the Emergency Petition decided in the Southern District of New York in an effort to compel the use of the policies and their proceeds to fund the same proposed settlement at issue in the Emergency Petition. *See id.* at 5, 9.

In the Status Report, the Liquidator advised this Court that she had moved to intervene in the RGH securities class action in the Southern District of New York to contest that court's exercise of in rem jurisdiction over the policies and proceeds. The Liquidator has argued before the Southern District of New York that the resolution of a motion to enforce the settlement of the securities class action by directing the payment of $17.4 million in proceeds from the relevant policies is inextricably intertwined with the merits of the Emergency Petition, which was originally filed by the Liquidator in response to this very proposed settlement. The Emergency Petition was filed by the Liquidator to protect the interests of the Reliance estate, and those of its innocent and injured creditors and policyholders, in the insurance policies and proceeds. The Liquidator was particularly concerned that the interests of the Reliance estate may be harmed

5

114582.01600/21248383v1

because the princely sum of $17.4 million reflected in the proposed settlement documents was agreed to by the RGH directors and officers on the eve of receivership and despite the fact that no discovery had been taken in the case and no motion to dismiss or answer with affirmative defenses had been filed probing the strength or weakness of class action plaintiffs' claims.

On February 24, 2004, the Liquidator's motion to intervene in the RGH securities class action was granted. In the same order, Judge Griesa in the Southern District of New York also ordered that the parties in that case are permitted to file additional briefs with respect to the jurisdictional dispute.

Recently, to effectuate Paragraph 4 of the Settlement Agreement and to resolve finally the status of the Emergency Petition, the Committees and the Liquidator signed a Consent Pursuant to Settlement Agreement wherein the Committees gave their written consent to the remand of the Emergency Petition to the Commonwealth Court—

> 1. <u>Consent:</u> The Committees consent to the remand of the Emergency Petition to the Commonwealth Court and further consent to the resolution of the Emergency Petition in the Commonwealth Court. The Committees further consent to the use of this Consent in connection with any filing with the EDPa Court or the Commonwealth Court necessary to effectuate the remand and resolution of the Emergency Petition.

A copy of the Consent Pursuant to Settlement Agreement is attached as Exhibit E.

The Liquidator now moves before this Court to effectuate certain terms of the Settlement Agreement and the Consent Pursuant to Settlement Agreement as they pertain to the Constructive Trust Action and Emergency Petition.

## ARGUMENT

**I.    The Liquidator Requests that the Court Restore the Matters Stayed by Its August 30, 2002 Order**

As a preliminary matter and so that the relief requested in this motion and agreed to by the Committees and the Liquidator in the Settlement Agreement can be entered, the Commissioner requests that the Court, to the extent necessary, restore and reinstate these bankruptcy appeal matters to the Court's active docket.

**II.   The Liquidator Requests that the Court Dismiss with Prejudice the Constructive Trust Action (Adversary Proceeding 01-558).**

Local Bankruptcy Rule 7041-2 requires that once the Court is notified that an adversary proceeding has been resolved, that the parties "file any necessary stipulation and any requisite motion to compromise or settle." The parties have reached such a resolution here.

Prior to the Settlement Agreement, the Committees and the Liquidator agreed to a Standstill Agreement that voluntarily stayed the Constructive Trust Action. Under the Settlement Agreement, however, the parties agreed that the Standstill Agreement would terminate on the effective date of the Settlement Agreement and that the parties would then dismiss the Constructive Trust Action upon joint motion or stipulation—

> The Standstill Agreement . . . shall remain in effect until the effectiveness of the settlement as provided in Section 1, at which time the Standstill Agreement shall by joint stipulation terminate and the [Constructive Trust Action] shall be dismissed with prejudice upon joint motion or stipulation of the parties.

*See* Exhibit B, ¶ 4.e.

The Settlement Agreement became effective on August 12, 2003, thus terminating the Standstill Agreement. The Liquidator now files this motion in accordance with the terms of the Settlement Agreement and Local Bankruptcy Rule 7041-2 requesting that the Court dismiss with prejudice the Constructive Trust Action (Adversary Proceeding 01-558).

7

### III. Having Obtained the Committees' Written Consent, the Liquidator Requests that the Court Remand the Emergency Petition to the Commonwealth Court under 28 U.S.C. § 1452(b).

Under the Settlement Agreement as approved by the New York Bankruptcy Court administering the RGH estate and the Commonwealth Court administering the Reliance estate, the Committees and the Liquidator agreed that neither would—

> file any further brief, motion, application, complaint, or proceeding, or take any other action, in any court or other tribunal, that seeks any ruling or order of any kind with respect to the subject matter of the Emergency Petition *until such time as the parties agree to a dismissal or other resolution of the matter.*

The Committees and the Liquidator have since agreed to the "resolution of the matter," in that the Committees have provided the Liquidator with written consent to remand the Emergency Petition to the Commonwealth Court for resolution[2]—

> 1.  Consent: The Committees consent to the remand of the Emergency Petition to the Commonwealth Court and further consent to the resolution of the Emergency Petition in the Commonwealth Court. The Committees further consent to the use of this Consent in connection with any filing with the EDPa Court or the Commonwealth Court necessary to effectuate the remand and resolution of the Emergency Petition.

*See* Exhibit E.

---

[2] Additional written consent from RGH is not needed to remand the Emergency Petition. Under Paragraph 7(z) of the Settlement Agreement as approved by the New York Bankruptcy Court administering the RGH estate, the terms of the Settlement Agreement, and hence any future agreements anticipated by it, are binding upon RGH—

> Binding Effect of Court Approval. Upon effectiveness of this settlement pursuant to Section 1, this Agreement shall also be binding upon the Debtors [RGH] and the Debtors' estates.

*See* Exhibit B ¶ 7(z). Furthermore, the May 28, 2003 Order of the New York Bankruptcy Court specifically imposed the terms of the Settlement Agreement on the Debtor RGH. *See* Exhibit C.

Under 28 U.S.C. § 1452(b), as well as under the Court's inherent powers, this Court has the authority to effectuate the parties' Settlement Agreement—

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

See 28 U.S.C. § 1452(b).

The Liquidator thus requests that the Court exercise its authority and give effect to the parties' Settlement Agreement and Committees' consent and remand the Emergency Petition to the Commonwealth Court for a prompt and final resolution.

## CONCLUSION

For the purpose of effecting the parties' Settlement Agreement, the Liquidator respectfully requests that the Court grant this Motion and thereby: (1) restore and reinstate these matters to the Court's active docket; (2) dismiss with prejudice the Constructive Trust Action (Adversary Proceeding 01-558); and (3) remand the Emergency Petition (Adversary Proceeding 01-559) to the Commonwealth Court of Pennsylvania.[3]

Respectfully submitted,

BLANK ROME LLP

Dated: March 1, 2004

JEROME R. RICHTER
ANN B. LAUPHEIMER
ANTHONY VIDOVICH
One Logan Square
Philadelphia, PA 19103

Attorneys for Appellant,
M. Diane Koken, Insurance Commissioner
of Pennsylvania, in her official capacity as
Liquidator of Reliance Insurance Company

---

[3] At the request of Judge Griesa, who is handling the RGH securities class action litigation in the Southern District of New York, the Liquidator has provided notice of the filing of this motion to the parties involved in that matter and the Court.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In the Matter of: | Misc. No.  02-65 |
| | Civil Action Nos.  02-3277 |
| RELIANCE GROUP HOLDINGS, INC. | 02-1643 |
| | 02-1733 |

### CERTIFICATE OF SERVICE

I, Kit Applegate, certify that on this day a true and correct copy of the Motion of Appellant M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, in her official capacity as Statutory Liquidator of Reliance Insurance Company, to Effectuate Settlement Agreement, Brief in Support of Motion of Appellant M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, in her official capacity as Statutory Liquidator of Reliance Insurance Company, to Effectuate Settlement Agreement, as well as a proposed form of Order, was served on all persons listed on the attached service list by Federal Express.

Dated: March _1_, 2004

_____
KIT APPLEGATE

114582.01600/21248383v1

## SERVICE LIST

Eric S. Goldstein, Esquire
Liza M. Velazquez, Esquire
PAUL WEISS RIFKIN WHARTON &
 GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019
**Attorneys for Class Action Defendant Lowell Freiberg**

Steven E. Obus, Esquire
Lisa A. Bauer, Esquire
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036
**Attorneys for Class Action Defendant Saul P. Steinberg**

Alexander Kerr, Esquire
Lisa M. Salazar, Esquire
McCARTER & ENGLISH, LLP
1735 Market Street
Suite 700
Philadelphia, PA  19103
**Attorneys for Defendant Robert M. Steinberg**

Andrew DeNatale
Jack Rose
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY  10036-2787
**Attorneys for the Official Unsecured Bank Committee**

Arnold Gulkowitz
ORRICK HERRINGTON & SUTCLIFFE
666 Fifth Ave.
New York, NY  10103-0001
**Attorneys for the Official Unsecured Creditors Committee**

Sherrie R. Savett, Esquire
Phyllis M. Parker, Esquire
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
**Co-Lead Counsel for Securities Class Action Plaintiffs**

Robert A. Wallner, Esquire
MILBERG WEISS BERSHAD HYNES &
 LERACH LLP
One Pennsylvania Plaza
New York, NY  10119-0165
**Co-Lead Counsel for Securities Class Action Plaintiffs**

Joseph M. Smick, Esquire
SEDGWICK, DETERT, MORAN &
 ARNOLD
125 Broad Street - 39th Floor
New York, NY  10004-2400
**Attorneys for Lloyds Underwriters**

Lorna G. Schofield
DEBEVOISE & PLIMPTON
919 Third Avenue
New York, NY  10022
**Attorneys for Debtor Reliance Group Holdings, Inc.**

James M. Matour
HANGLEY ARONCHICK SEGAL &
 PUDLIN
One Logan Square, 27th Floor
Philadelphia, PA  19103
**Attorneys for Debtor Reliance Group Holdings, Inc.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In the Matter of: | Misc. No.     02-65 |
| | Civil Action Nos.     02-3277 |
| RELIANCE GROUP HOLDINGS, INC. | 02-1643 |
| | 02-1733 |

### ORDER

AND NOW, this ____ day of March, 2004, upon consideration of the Motion of Appellant M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, in her official capacity as Statutory Liquidator of Reliance Insurance Company, to Effectuate Settlement Agreement ("Motion"), and any responses thereto, it is hereby ORDERED that the Motion is GRANTED and that:

(1) the above-captioned matters are restored and reinstated to the Court's active docket;

(2) Adversary Proceeding 01-558 is dismissed with prejudice;

(3) Adversary Proceeding 01-559 is remanded pursuant to the parties' agreement and 28 U.S.C. § 1452(b) to the Commonwealth Court of Pennsylvania.

_____
Honorable Charles R. Weiner, U.S.D.J.