# EXHIBIT E

## CONSENT PURSUANT TO SETTLEMENT AGREEMENT

This Consent Agreement (the "Consent") is entered into on the 13th day of February, 2004, by and among M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, in her official capacity as the Statutory Liquidator (the "Liquidator") of Reliance Insurance Company ("Reliance"), and the Official Unsecured Bank Committee (the "Bank Committee") and the Official Unsecured Creditors' Committee (collectively with the Bank Committee, the "Committees") of Reliance Group Holdings, Inc. ("RGH") and Reliance Financial Services Corp. ("RFSC" and, together with RGH, the "Debtors"), pursuant to ¶ 4 of the Settlement Agreement between the Liquidator and the Committees, dated April 1, 2003, and approved by the United States Bankruptcy Court for the Southern District of New York by order dated May 28, 2003, and by order of the Commonwealth Court of Pennsylvania dated June 19, 2003 (the "Settlement Agreement").

WHEREAS, Paragraph 4.e of the Settlement Agreement provides in relevant part:

[The Liquidator and the Committees] agree that the Emergency Petition for Preservation of Insurance Policy Assets of Estate (the "Emergency Petition"), filed by the Liquidator in the Commonwealth Court within matter No. 269 M.D. 2001, removed to the United States District Court for the Eastern District of Pennsylvania (the "EDPa Court"), and transferred to the Bankruptcy Court (which transfer was appealed to the EDPa Court), shall not be dismissed, but shall remain pending in the Bankruptcy Court (and the appeal shall remain pending in the EDPa Court), and the parties agree that no party shall file any further brief, motion, application, complaint, or proceeding, or take any other action, in any court or other tribunal, that seeks any ruling or order of any kind with respect to the subject matter of the Emergency Petition until such time as the parties agree to a dismissal or other resolution of the matter.

See Settlement Agreement, ¶ 4.e; and

WHEREAS, ¶¶ 4.a and 4.b of the Settlement Agreement confer upon the Liquidator the option and right to control litigation involving claims against directors and officers of Reliance, RGH and RFSC ("D&O Claims"), as well as litigation involving the proceeds of certain director and officer insurance policies (the "Proceeds"); and

WHEREAS, the Liquidator has informed the Committees that the Emergency Petition litigation involves the litigation of issues relating to both the Proceeds and D&O Claims; and

WHEREAS, the Liquidator has further informed the Committees that she has elected to exercise her option to control the litigation of the Emergency Petition; and

WHEREAS, the Liquidator has requested, pursuant to ¶ 4 of the Settlement Agreement, that the Committees consent to the resolution of the Emergency Petition in the Commonwealth Court of Pennsylvania ("Commonwealth Court"); and

WHEREAS, the Liquidator has further requested that the Committees consent to the filing of papers with the EDPa Court for the purpose of obtaining a remand of the Emergency Petition to the Commonwealth Court; and

NOW THEREFORE, the parties hereby accept and agree as follows:

1. <u>Consent</u>: The Committees consent to the remand of the Emergency Petition to the Commonwealth Court and further consent to the resolution of the Emergency Petition in the Commonwealth Court. The Committees further consent to the use of this Consent in connection with any filing with the EDPa Court or the Commonwealth Court necessary to effectuate the remand and resolution of the Emergency Petition.

    a. This Consent is without prejudice to the Committees' right, in any matter unrelated to the Emergency Petition, to dispute that the Commonwealth Court is the appropriate forum for the resolution of disputes involving in any way RGH, RFSC, Debtors' estates, or property of Debtors' estates.

    b. This Consent shall be valid and effective at 12:01 a.m., Eastern Time, on February 26, 2004, unless the parties mutually agree upon an earlier effective date.

2. <u>Effect on Settlement Agreement</u>: Except as expressly stated herein with regard to the Emergency Petition and ¶ 4 of the Settlement Agreement, this Consent shall in no way modify, change or any way alter the terms, conditions and provisions of the Settlement Agreement, including, without limitation, the provisions concerning the division of Proceeds under ¶ 4.b of the Settlement Agreement.

3. <u>Counterparts:</u> This Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be an original hereof, and it shall not be necessary in making proof of this Agreement to produce or account for more than one counterpart hereof. Delivery of an executed counterpart hereof by facsimile or other electronic means shall be equally effective as delivery of an originally executed counterpart.

[this space intentionally left blank]

IN WITNESS WHEREOF, the parties hereto, through their duly authorized and undersigned attorneys, acknowledge their agreement and consent to the terms of this Consent on the day and year first written above.

_____
Jerome R. Richter
BLANK ROME LLP
*Attorneys for M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, In her Official Capacity as Statutory Liquidator of Reliance Insurance Company*


_____
Arnold Gulkowitz
ORRICK HERRINGTON & SUTCLIFFE
*Attorneys for the Official Unsecured Creditors Committee*


_____
Andrew DeNatale
WHITE & CASE LLP
*Attorneys for the Official Unsecured Bank Committee*

114582.01600/21243097v1

IN WITNESS WHEREOF, the parties hereto, through their duly authorized and undersigned attorneys, acknowledge their agreement and consent to the terms of this Consent on the day and year first written above.

_____
Jerome R. Richter
BLANK ROME LLP
*Attorneys for M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, In her Official Capacity as Statutory Liquidator of Reliance Insurance Company*

_____
Arnold Gulkowitz
ORRICK HERRINGTON & SUTCLIFFE
*Attorneys for the Official Unsecured Creditors Committee*

_____
Andrew DeNatale
WHITE & CASE LLP
*Attorneys for the Official Unsecured Bank Committee*

114582.01600/21243097v1

IN WITNESS WHEREOF, the parties hereto, through their duly authorized and undersigned attorneys, acknowledge their agreement and consent to the terms of this Consent on the day and year first written above.

_____
Jerome R. Richter
BLANK ROME LLP
*Attorneys for M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, In her Official Capacity as Statutory Liquidator of Reliance Insurance Company*

_____
Arnold Gulkowitz
ORRICK HERRINGTON & SUTCLIFFE
*Attorneys for the Official Unsecured Creditors Committee*

___/s/ Andrew DeNatale____
Andrew DeNatale
WHITE & CASE LLP
*Attorneys for the Official Unsecured Bank Committee*