# EXHIBIT E

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. Diane Koken,
Insurance Commissioner of the
Commonwealth of Pennsylvania,
              Plaintiff

v.

Reliance Insurance Company,
Defendant

: No. 269 M.D. 2001

### ORDER

**AND NOW**, this 8th day of June 2001, having considered the parties joint agreement to stay consideration of the petition to preserve insurance policy assets, and the accompanying stipulation signed and dated June 5, 2001, attached hereto and marked as "Exhibit A," said stipulation is accepted by this Court. The Chief Clerk is directed to enter upon the docket the stipulation marked as "Exhibit A," adjourning and extending hearing date on emergency petition for preservation of insurance policy assets of estate signed and dated June 5, 2001.

_____
JAMES GARDNER COLINS, Judge

Certified from the Record

JUN 1 1 2001

and Order Exit

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania,<br><br>Plaintiff,<br><br>v.<br><br>Reliance Insurance Company,<br><br>Defendant. | No. 269 M.D. 2001 |

### STIPULATION ADJOURNING AND EXTENDING HEARING DATE ON EMERGENCY PETITION FOR PRESERVATION OF INSURANCE POLICY ASSETS OF ESTATE

IT IS HEREBY STIPULATED AND AGREED, by the undersigned persons, through their undersigned counsel, that the hearing date on Plaintiff's Emergency Petition for Preservation of Insurance Policy Assets of Estate (the "Emergency Petition") shall be adjourned and extended for thirty (30) days to July 6, 2001 or as soon thereafter as the Court is available (the "Extension Period").

IT IS FURTHER STIPULATED AND AGREED that, during the Extension Period, Reliance Group Holdings, Inc., its officers, directors, employees, attorneys and agents, as well as Lloyd's Underwriters, shall cease any further action to effectuate or consummate any settlement of the class actions currently pending against Reliance Group Holdings, Inc., including those under the caption In re Reliance Group Holdings, Inc. Securities Litigation, Master File No. 00-CV-4653, pending in the United States District Court for the Southern District of New York.

IT IS FURTHER STIPULATED AND AGREED that, by entering into this Stipulation, the parties do not intend to waive, and expressly reserve, all of their

Doc#: NYS: 1005933.3

EXHIBIT "A"

rights, including as to jurisdiction, except for the terms of this stipulation. Signature by counsel for Lloyd's Underwriters shall not be construed as amending in any way the terms of the Policies identified in the Emergency Petition.

Dated: New York, New York
June 5, 2001

BLANK ROME COMISKY & MCCAULEY LLP

By: *[signature]*
Jerome R. Richter

One Logan Square
Philadelphia, PA 19103
(215) 569-5500

Attorneys for Plaintiff

PAUL, WEISS, RIFKIND, WHARTON & GARRISON

By: *[signature]*
Brad S. Karp

1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

Attorneys for Reliance Group Holdings, Inc., Saul P. Steinberg, Robert M. Steinberg and Lowell C. Freiberg

2



SEDGWICK, DETERT, MORAN & ARNOLD

By: _____
             Joseph M. Smick

125 Broad Street, 39th Floor
New York, NY 10004-2400
(212) 422-0202

Attorneys for Lloyd's Underwriters

So Ordered:

_____

3

# EXHIBIT F

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
In re RELIANCE GROUP HOLDINGS,      :   Master File No. 00-CV-
INC. SECURITIES LITIGATION          :   4653 (TPG)
                                    :
                                    :   Opinion
                                    :
------------------------------------X

    This is a securities class action brought against Reliance Group Holdings ("Reliance") and certain officers and directors of Reliance. Plaintiffs are persons who between February 8, 1999 and December 6, 2000, purchased certain Reliance securities. Defendant Reliance is a holding company whose principal business is ownership of the Reliance Insurance Company ("Reliance Insurance") and its insurance subsidiaries.

    Now before the Court is plaintiffs' motion to join Syndicate 1212 at Lloyd's, London and other underwriters ("the underwriters") as defendants in this action for the purpose of enforcing a Memorandum of Understanding executed by plaintiffs and defendants. The underwriters referenced in this motion include the underwriters and insurers subscribing to the following policies: Primary and Excess Directors and Officers, Fiduciary Liability, Employment Practices Liability and Errors and Omissions Combined Policies bearing Policy Numbers FD9701593, F01201D96, F01307D97, FD9798178, and FD9900896. The motion is granted.

## FACTS

On May 29, 2001 the parties to this litigation entered into a Memorandum of Understanding ("MOU") outlining the general terms of a proposed settlement of $17.4 million. On the same day, Reliance, on behalf of itself and the individual defendants, entered into an agreement ("the funding agreement") with Syndicate 1212 of Lloyd's, London and the other underwriters referred to above, in which the underwriters agreed to fund the proposed settlement, consistent with their insurance obligations.

Also on May 29, 2001 the Commonwealth Court of Pennsylvania issued an order placing Reliance Insurance Company in rehabilitation. Shortly thereafter, on June 4, 2001, the Rehabilitator filed an Emergency Petition for Preservation of the Insurance Policy Assets of Reliance Estate, asking the Commonwealth Court of Pennsylvania to declare that the policies referenced in the funding agreement were wholly assets of Reliance Insurance's estate, and further asking the court to enjoin the use of such proceeds to fund settlement of this action. The Emergency Petition was subsequently stayed for thirty days pursuant to a stipulation among the Rehabilitator, defendants, and the underwriters. In a June 8, 2001 cover letter that accompanied the order accepting this stipulation, Judge Collins of the Commonwealth Court stated:

> Please be further advised that it is my position that, from this date forward, any actions which would either

directly or indirectly negatively impact or diminish the assets of the Reliance Insurance Company must be approved not only by the Insurance Commissioner of the Commonwealth, but also by the Commonwealth Court of Pennsylvania.

On June 12, 2001 Reliance filed a bankruptcy petition under Chapter 11 in the United States District Court for the Southern District of New York, thus staying the class action as against Reliance pursuant to 11 U.S.C. § 362(a). That action is pending before Bankruptcy Judge Gonzalez. The Emergency Petition was itself removed from the Pennsylvania Commonwealth Court to the Eastern District of Pennsylvania, and was then transferred to Judge Gonzalez. The Reliance Insurance liquidator appealed both the denial of remand of the Emergency Petition to state court, and the transfer to Judge Gonzalez. According to the parties, both appeals have been stayed.

On April 1, 2003, the Creditors Committee of Reliance and the Liquidator of Reliance Insurance entered into a lengthy agreement, approved by Judge Gonzalez and the Pennsylvania Commonwealth Court. The agreement, among other provisions, bars Reliance and Reliance Insurance from taking further action with respect to the Emergency Petition.

Thus, the Emergency Petition is essentially in limbo with no action having been taken on it in the two and a half years since the original thirty-day stay was entered.

On October 22, 2003 plaintiffs filed the instant motion along with a motion to enforce the MOU, in order to obtain some resolution of the question of ownership of the insurance policies and the obligation of the underwriters to fund the settlement in the instant action.

## DISCUSSION

Rule 20(a) allows joinder of additional defendants if plaintiffs (1) assert against them any right of relief arising out of the same series of transactions or occurrences, and (2) common questions of law or fact exist as to all defendants. Fed. R. Civ. P. 20(a); see also Nassau County Association of Insurance Agents, Inc. v. Aetna Life & Casualty Co., 497 F.2d 1151, 1154 (2d Cir. 1974).

Both prongs of the permissive joinder standard are satisfied in this case. First, plaintiffs assert a right to relief against the underwriters. The stated purpose of the funding agreement was to was obligate the underwriters to fund the settlement payments to plaintiffs set forth in the MOU. Therefore, the funding agreement is enforceable by plaintiffs as third party beneficiaries. See United International Holdings, Inc. v. The Wharf (Holdings) Limited, 988 F. Supp. 367, 371 (S.D.N.Y. 1997) (citing Restatement (Second) Contracts § 302 (1979)).

Second, common questions of law or fact exist as to the parties and the underwriters. The funding agreement represents

the sole funding source for the MOU. Thus, determining the underwriters' obligations under the funding agreement, including the question of ownership of the underwriters' policies, is essential to resolving the motion to enforce the MOU.

Therefore, the underwriters are a proper party to join under Rule 20(a).

## CONCLUSION

Plaintiffs' motion to join Syndicate 1212 at Lloyd's, London and other underwriters as a party is granted.

SO ORDERED

Dated:   New York, New York
         November 18, 2003

THOMAS P. GRIESA
U.S.D.J.