UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In the Matter of:<br><br>RELIANCE GROUP HOLDINGS, INC. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Misc. No.          02-65<br><br>Civil Action Nos.   02-3277<br>                    02-1643<br>                    02-1733 |

**REPLY OF APPELLANT M. DIANE KOKEN, INSURANCE COMMISSIONER OF THE COMMONWEALTH OF PENNSYLVANIA, IN HER OFFICIAL CAPACITY AS STATUTORY LIQUIDATOR OF RELIANCE INSURANCE COMPANY, IN FURTHER <u>SUPPORT OF HER MOTION TO EFFECTUATE SETTLEMENT AGREEMENT</u>**

Appellant M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, in her official capacity as Statutory Liquidator ("Liquidator" or "Commissioner") of Reliance Insurance Company ("Reliance"), hereby submits this Reply ("Liquidator's Reply") in further support of her Motion, filed March 1, 2004, seeking an Order from this Court: (1) restoring and reinstating the above-captioned matters to the Court's active docket; (2) dismissing with prejudice the Constructive Trust Action (Adversary Proceeding 01-558); and (3) remanding the Emergency Petition (Adversary Proceeding 01-559) to the Commonwealth Court of Pennsylvania ("Motion").

**I.     <u>INTRODUCTION</u>**

In this Reply, the Liquidator specifically addresses the baseless arguments raised in the Memorandum of Law filed in opposition to the Liquidator's March 1, 2004 Motion by and on behalf of Saul Steinberg, Robert Steinberg and Lowell Freiberg (the "D&O defendants"). As set forth in detail below, the D&O defendants lack standing in this proceeding to oppose the

114582.01600/21264818v1

Liquidator's Motion; and even if this Court were to consider their arguments – they lack all merit: (1) the Court's Order of August 30, 2002, placing these related matters on the Court's inactive docket, is the only relevant and operative order at issue and clearly supercedes the Consent Order approved by the Court on August 29, 2002; (2) even accepting that the D&O defendants' are correct, which they are not, that this Court may not vacate the Bankruptcy Court's decision pursuant to the parties' settlement agreement, review of the Motion reveals that the relief sought by the Liquidator with respect to the Emergency Petition, remand to state court, is a decision on the merits of the appeal under 28 U.S.C. § 1452; and (3) the first filed doctrine favors this Court and the Liquidator, contrary to the D&O defendants' frenzied argument to the contrary. Accordingly, this Court should grant the Liquidator's Motion, restore these administratively stayed matters to the Court's active docket, dismiss the Constructive Trust Action appeals, and remand the Emergency Petition to the Commonwealth Court of Pennsylvania for further proceedings on the merits.

## II.   DISCUSSION

### A.   The D&O Defendants Lack Standing to Oppose the Liquidator's Motion

As a preliminary matter, the D&O defendants lack standing in these related bankruptcy appeals to oppose the Liquidator's Motion. First, the D&O defendants are not "persons aggrieved" by Judge Carey's February 22, 2002 order or persons who may be aggrieved should this Court grant the relief sought by the Liquidator in the Motion. In addition, even assuming that the D&O defendants are "persons aggrieved" by the February 22, 2002 Order of the Bankruptcy Court, they filed no appeal or cross-appeal from that order, and the time for doing so has long since expired.

1. **The D&O Defendants Are Not "Persons Aggrieved"**

The Third Circuit has long held that only persons aggrieved have standing in bankruptcy appeals. The Third Circuit has defined aggrieved persons as those "who have been directly or adversely affected pecuniarily by an order of a bankruptcy court . . . ." Travelers Ins. Co. v. H.K. Porter Co., Inc., 45 F.3d 737, 741 (3d Cir. 1995) (citing In re Fondiller, 707 .2d 441, 443 (9th Cir. 1983)). In Travelers, the Third Circuit stated that "the standing requirement in bankruptcy appeals is more restrictive that the 'case or controversy' standing requirement of Article III, which need not be financial and need only be fairly traceable to the alleged illegal action." Id. (citations and additional internal quotations omitted). In the Third Circuit, "one is a 'person aggrieved' if the contested order 'diminishes their property, increases their burdens, or impairs their rights.'" Travelers, 45 F.3d at 742 (citing In re Dykes, 10 F.3d 184, 187 (3d Cir. 1993)).

The Third Circuit's decision in Travelers is particularly instructive here. In Travelers, a case involving an attempt to appeal an order reinstating certain claims which, if successful, might impair the pecuniary interest of non-parties, the Third Circuit concluded that the non-party seeking appellate standing was "not a 'person aggrieved,' as its interest [was] too contingent to have been directly affected by the [relevant] order . . . ." Travelers, 45 F.3d at 742. The Third Circuit concluded that Travelers' claim of injury to its pecuniary interest was "doubly removed" because the order itself did not harm Travelers' financial interest or property but rather merely reinstated claims which may in the future impact those interests. Specifically, the Third Circuit held that "[e]ven the most generous view of these circumstances does not suggest that . . . reinstatement [of the relevant claims] directly or immediately impacts on Travelers' pecuniary interests." Id. at 742.

3

Under this law of the Circuit, the D&O defendants are not persons aggrieved by Judge Carey's February 22, 2002 order. With respect to the Emergency Petition, Judge Carey's Order concerned issues of removal jurisdiction and procedure, venue, and mandatory and equitable remand. None of these issues, which all relate to where the dispute over the ownership of the policies between Reliance and its insolvent parent, Reliance Group Holdings, Inc., will be resolved, can conceivably impair the pecuniary interests of the D&O defendants. In addition, even if one were to take the most charitable view possible, i.e. that the D&O defendants are claiming that some perceived injury will result from the remand of the Emergency Petition to the Commonwealth Court of Pennsylvania, that perceived injury, whatever it may be, could not reasonably be characterized as an injury in fact to their pecuniary interest. As in Travelers, any potential harm to the D&O defendants' pecuniary interest is wholly contingent. Remand to the Commonwealth Court will not resolve the merits of the dispute over the ownership of the Policies and Proceeds. The D&O defendants will have the ability to protect their pecuniary interest, if any, in the Policies and Proceeds before the Commonwealth Court. Surely the D&O defendants cannot reasonably be heard to argue that their pecuniary interests have been or will be injured because a court not of their selection will resolve the merits of the Emergency Petition.

  2.  **The Time for the D&O Defendants to Perfect Their Appellate Standing, If Any, Has Long Passed**

Even if this Court were to assume arguendo that the D&O defendants are persons aggrieved by Judge Carey's February 22, 2002 order, which forms the basis for all of the above captioned bankruptcy appeals, the D&O Defendants still do not have standing in these matters to oppose the Liquidator's Motion. Rule 8002 of the Federal Rules of Bankruptcy requires an aggrieved party to file a notice of appeal within ten days of the entry of the relevant bankruptcy court order. See Fed. R. Bank. P. 8002(a). The D&O Defendants did not file an appeal or cross-

appeal or otherwise join in the appeals or cross-appeals taken from Judge Carey's February 22, 2002 Order and the time to do so has now long since passed.

In addition, the D&O defendants did not remove the Emergency Petition from Commonwealth Court or otherwise join in the removal of the Emergency Petition. Nor did the D&O defendants intervene or otherwise participate in the litigation before the Bankruptcy Court of the Liquidator's motion to remand the Emergency Petition. Thus, while the D&O defendants may be interested in the merits of the Emergency Petition, they in no way participated as parties or otherwise in the removal and remand proceedings forming the basis of the Liquidator's, RGH's, and the Creditor Committees' appeals to this Court. Therefore, the D&O defendants are not parties or appellees in these related bankruptcy appeals.

Moreover and notwithstanding their failure to file a notice of appeal in the time required by Rule 8002, the D&O defendants cannot demonstrate that they have standing to oppose the Liquidator's Motion even under the narrow exception articulated by the Third Circuit permitting nonparty appeals. See Northview Motors, Inc. v. Chrysler Motors Corp., 186 F.3d 346, 349 (3d Cir. 1999) (stating that a nonparty may have standing to appeal when three conditions are met: (1) the nonparty has a stake in the outcome of the proceedings that is discernible from the record; (2) the nonparty has participated in the proceedings before the lower court; and (3) the equities favor the appeal"). Here, the D&O defendants did not participate in the removal, remand and transfer proceedings before the Bankruptcy Court. Therefore, under Northview, the D&O defendants, as nonparties, are as a matter of law precluded from having appellate standing in these matters.

### B. These Related Bankruptcy Appeals Were Administratively Stayed by This Court In the Interests of Furthering Settlement

Putting to one side their lack of standing, review of the D&O defendants' opposition to the Liquidator's Motion reveals that their arguments lack all merit and should therefore be rejected by this Court.

In their first argument, the D&O defendants seem to contend that the Consent and Stay Order dated August 29, 2002 has expired by its own terms and, in conjunction with the Court's Order of August 30, 2002, has resulted in a dismissal of these bankruptcy appeals. The D&O defendants further contend that this "dismissal" in August, 2002 makes any attempt by the Liquidator to reinstate these appeals untimely. This argument is not only based on a selective and unreasonably strained interpretation of the Court's August 29 and 30 orders, it also ignores unambiguous language of the Court's August 30 Order.

As an initial matter, the August 29 Consent and Stay Order entered by this Court is clearly superceded by the Court's Order of August 30, 2002, in which this Court administratively stayed these bankruptcy appeals to afford the parties additional time to discuss settlement. The August 30 Order specifically and unequivocally states that these bankruptcy appeals remain "active", permitting the parties simply to contact the Court to move forward on the merits of the appeals if as and when such course of action was deemed necessary. Given that the parties undertook settlement negotiations at the Court's urging, the purpose of the August 30 Order was clearly to free the parties to these appeals from submitting ,and the Court acting upon, continuing stay orders every thirty days. The August 30 order moved these bankruptcy proceedings from the Court's active calendar, but specifically preserved the active status of the proceedings, stating "[t]he cases are to remain in *status quo* . . . ." See Motion, Exhibit A. These matters were stayed at the time the August 30 Order was entered by the Court. Thus, the status quo order preserved

that stay of the appeals. The D&O defendants' contention that the "active" status reflected in the August 30 Order somehow terminated based on the terms of the August 29 Consent and Stay Order is patently ridiculous, particularly given the maintenance of the status quo by this Court and the sequence of the entry of these orders.

      C.      **The Liquidator's Motion Requests That This Court Overturn The February 20, 2002 Order On Its Merits**

The second argument of the D&O defendants, that "the February 20, 2002 Order should be enforced unless it is overturned on its merits," also fails. See D&O defendants' Memorandum of Law at 17. In support of their position, the D&O defendants explain that the relief requested by the Liquidator in the March 1 Motion amounts to a request for vacatur of the bankruptcy court's Order, which is generally not permitted except in exceptional circumstances. This argument however, *exhibits a fundamental misunderstanding* of the nature of the Liquidator's Motion. Contrary to the D&O defendants' contentions, the Liquidator's Motion *specifically requests relief on the merits* of the pending appeal before this Court.

In the Motion, "the Liquidator requests that the Court remand the Emergency Petition to the Commonwealth Court under 28 U.S.C. § 1452(b)." See Memorandum of Law in Support of Motion at 8. This request by the Liquidator is an unambiguous prayer for relief *on the merits* of the present controversy.[1] As the D&O defendants point out:

> On February 22, 2002, U.S. Bankruptcy Court judge Kevin J. Carey issued an opinion and order which, among other rulings: (1) **denied the Liquidator's motions to remand** the Emergency Petition back to the Commonwealth Court… *See In re Reliance Group Holdings, Inc.*, 273 B.R. 374 (Bankr. E.D. Pa. 2002).

---

[1] This issue, along with each of the other issues that the Liquidator has raised and preserved on appeal, is more fully discussed in the Liquidator's appellate brief which, if the Court so requests, the Liquidator is prepared to file within twenty-four hours notice. The Liquidator specifically reserves the right to supplement the record on appeal with this brief when and as necessary.

See D&O defendants' Memorandum of Law at 2 (emphasis added).  Following issuance of the February 22 Order, the Liquidator promptly filed an appeal with this Court.  Specifically, the Liquidator appealed, among other rulings, the bankruptcy court's Order denying the Liquidator's motions for remand.  As explained *supra*, that appeal is still pending before this Court.

The Liquidator's Motion requests, *inter alia*, that this Court: (i) restore and reinstate the Liquidator's appeal from the February 22 Order to this Court's active docket, and (ii) rule <u>on the merits</u> of the Liquidator's appeal in favor of equitable remand of the Emergency Petition to the Commonwealth Court.

As requested in the Motion, this Court should rule in favor of the Liquidator's appeal for equitable remand, pursuant to 28 U.S.C. § 1452(b).  Section 1452(b) provides:

> **The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground**.  An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452(b) (emphasis added).  The "any equitable ground" standard for remand in section 1452(b) is a broad grant of authority that leaves the issues regarding whether remand is appropriate to the discretion of the courts.  <u>See</u> <u>Grace Community, Inc. v. KPMG (In re Grace Community Inc.</u>), 262 B.R. 625, 629 (Bankr. E.D. Pa. 2001); <u>See</u> also <u>In re Raymark Industries, Inc.</u>, 238 B.R. 295, 299 (Bankr. E.D. Pa. 1999) ("Section 1452(b) invites remand on 'any equitable ground' and grants the court broad discretion to rule on the propriety of litigating a matter in federal court.")

Further, in reviewing the bankruptcy court's Order on appeal, this Court should "review its legal determinations *de novo,* its factual findings for clear error, and its exercise of discretion for abuse thereof." <u>In re Trans World Airlines, Inc.</u>, 145 F.3d 124, 131 (3d Cir.1998).  As to the

8

other issues on appeal, this Court should decide the motion for remand first, because the Court must initially decide whether this case has been properly removed before any other issues appropriately can be addressed. In re Raymark Industries, Inc., 238 B.R. 295, 297-98 (Bankr.E.D.Pa.1999).

With respect to the equities involved in the Liquidator's appeal for remand, the parties to this suit, at the urging of this Court, conducted extensive settlement discussions and ultimately agreed to settle their jurisdictional and venue dispute, agreeing to litigate the merits of the Emergency Petition in the Commonwealth Court of Pennsylvania. Further, both the bankruptcy court in the Southern District of New York overseeing the RGH bankruptcy, and the Commonwealth Court of Pennsylvania overseeing the Reliance liquidation, approved the parties' Settlement Agreement. Thus, in view of the approval of these courts and the parties' desire to have this case remanded to the Commonwealth Court for final disposition, this Court should consider these changed circumstances and the equities and remand the Emergency Petition pursuant to 28 U.S.C. § 1452(b). Because such a ruling would address the *merits of the Liquidator's appeal*, the D&O defendants' assertion that the Liquidator is seeking to have this Court overturn the February 22 Order of the Bankruptcy Court on grounds *other than its merits*, is simply incorrect as a matter of law and should be disregarded accordingly.

    1.    **Even If Liquidator's Motion Had Requested Relief On Grounds Other Than the Merits, Such A Request Would Be Appropriate Under The Circumstances of This Case**

Even if the Liquidator were seeking to have this Court overturn the February 22 Order on grounds *other than its merits*, a vacatur order would nevertheless be appropriate under the circumstances, given the agreement between the parties to this suit to litigate this case in the Commonwealth Court.

In <u>Major League Baseball Properties, Inc. v. Pacific Trading Cards</u>, 150 F.3d 149 (2d Cir. 1998), the Second Circuit was faced with a situation similar to the present matter.  At the prompting of the Court, both parties to the suit were urged to reach a settlement rather than continue to litigate the case, given the unique circumstances of the situation.  The parties negotiated and ultimately reached a settlement.  However, it was expressly conditioned upon the Court vacating the lower court's order.  The Second Circuit, in recognizing the need for such action, agreed to vacate the lower court's order, holding that the needs of the parties outweighed the public benefit of retaining the lower court's opinion.  Accordingly, the Second Circuit in <u>Pacific</u> gave effect to the parties' settlement agreement and vacated the lower court's order.  <u>Id</u>.

As in <u>Pacific</u>, this Court urged the parties to settle rather than continue litigating the jurisdictional issue in dispute. The parties to this case, responsive to this Court's wishes, negotiated and reached a settlement.  Consequently, as in <u>Pacific</u>, the parties now ask this Court to give effect to the Settlement Agreement.  Any public value to the bankruptcy Court's Order below is outweighed by the needs of the parties in the instant proceeding.  Accordingly, a vacatur of the bankruptcy court's February 22 Order is fully justified in this case to give effect to the parties' Settlement Agreement.

### D.     The "First Filed" Doctrine Favors This Court's Exercise of Jurisdiction

The D&O defendants claim to the benefits of the "first filed" doctrine is wholly misplaced.  This Court obtained jurisdiction over the Emergency Petition long before the D&O defendants, in violation of the Stipulation and Order prohibiting them from taking further action to consummate the Securities Class Action settlement,[2] and the plaintiffs in the Securities Class

---

[2]  As the Liquidator reported in the January 30, 2004 Status Report submitted to the Court, on June 5, 2001, upon request of the D&O defendants in the Securities Class Action, the Commissioner entered into a Stipulation with the D&O defendants and the Lloyds Underwriters by which the parties agreed to cease any further action to consummate the proposed settlement of the Securities Class Action.  Specifically, the Stipulation provides "that,

Action sought to have the merits of the Emergency Petition decided by Judge Griesa in the Southern District of New York.  The issue of the ownership of the Policies arose in the Securities Class Action, at the earliest, upon the filing of the motion to enforce the MOU by the Securities Class Action plaintiffs on September 24, 2003 – well over two years after the Eastern District of Pennsylvania obtained jurisdiction of the Emergency Petition upon its removal from the Commonwealth Court in June 2001.  The D&O defendants resort to the first filed doctrine under these circumstances is nothing more than a strained attempt to avoid this Court's jurisdiction over the Emergency Petition and the issue of its remand to the Commonwealth Court.

### III.   Conclusion

For the reasons stated above and in the documents filed in support of the Liquidator's Motion, the Liquidator respectfully submits that the Motion should be granted, restoring these related above captioned matters to the Court's active docket, dismissing the Constructive Trust

---

during the Extension Period, [RGH], its officers, directors, employees, attorneys and agents, as well as Lloyd's Underwriters, shall cease any further action to effectuate or consummate any settlement of the [Securities Class Action]."  See Status Report of the Liquidator of Reliance Insurance Company (filed Jan. 30, 2004) (Exhibit E (Stipulation and Order)).  The terms and obligations imposed by the Stipulation were incorporated into an Order of the Commonwealth Court on June 8, 2001.  See id.  This Court Order remains in full force and effect before this Court.  To the extent that the D&O defendants' conduct in seeking to further the Securities Class Action settlement in the Southern District of New York or in this Court constitutes a violation of the terms of this Court Order, the Liquidator specifically reserves all rights to seek redress, including the filing of a contempt proceeding.

114582.01600/21264818v1

Action bankruptcy appeal, and remanding the Emergency Petition to the Commonwealth Court of Pennsylvania for resolution on the merits.

                    Respectfully submitted,

                    BLANK ROME LLP

                    AV1772
                    _____

                    JEROME R. RICHTER
                    ANN B. LAUPHEIMER
                    ANTHONY VIDOVICH
                    One Logan Square
                    Philadelphia, PA  19103

                    Attorneys for Appellant,
                    M. Diane Koken, Insurance Commissioner
                    of Pennsylvania, in her official capacity as
                    Statutory Liquidator of
                    Reliance Insurance Company

Dated:  April 15, 2004

## **CERTIFICATE OF SERVICE**

I, Anthony Vidovich, certify that on this day a true and correct copy of the foregoing was served on all persons listed on the attached service list by either first class U.S. Mail, postage prepaid, or electronic means.

AV1772

_____<br>ANTHONY VIDOVICH

Dated: April 15, 2004

**SERVICE LIST**

Eric S. Goldstein, Esquire
Liza M. Velazquez, Esquire
PAUL WEISS RIFKIN WHARTON &
   GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019
**Attorneys for Class Action Defendant Lowell Freiberg**

Steven E. Obus, Esquire
Lisa A. Bauer, Esquire
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036
**Attorneys for Class Action Defendant Saul P. Steinberg**

Alexander Kerr, Esquire
Lisa M. Salazar, Esquire
McCARTER & ENGLISH, LLP
1735 Market Street
Suite 700
Philadelphia, PA  19103
**Attorneys for Class Action Defendant Robert M. Steinberg**

Andrew DeNatale
Jack Rose
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY  10036-2787
**Attorneys for the Official Unsecured Bank Committee**

Arnold Gulkowitz
ORRICK HERRINGTON & SUTCLIFFE
666 Fifth Ave.
New York, NY  10103-0001
**Attorneys for the Official Unsecured Creditors Committee**

Sherrie R. Savett, Esquire
Phyllis M. Parker, Esquire
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
**Co-Lead Counsel for Securities Class Action Plaintiffs**

Robert A. Wallner, Esquire
MILBERG WEISS BERSHAD HYNES &
   LERACH LLP
One Pennsylvania Plaza
New York, NY  10119-0165
**Co-Lead Counsel for Securities Class Action Plaintiffs**

Joseph M. Smick, Esquire
SEDGWICK, DETERT, MORAN &
   ARNOLD
125 Broad Street - 39th Floor
New York, NY  10004-2400
**Attorneys for Lloyds Underwriters**

Lorna G. Schofield
DEBEVOISE & PLIMPTON
919 Third Avenue
New York, NY  10022
**Attorneys for Debtor Reliance Group Holdings, Inc.**

James M. Matour
HANGLEY ARONCHICK SEGAL &
PUDLIN
One Logan Square, 27th Floor
Philadelphia, PA  19103
**Attorneys for Debtor Reliance Group Holdings, Inc.**

114582.01600/21264818v1

Case 2:02-cv-03277-CRW  Document 12  Filed 04/15/2004  Page 15 of 15

15